

**SO ORDERED.**

**SIGNED this 10 day of July, 2006.**

**THIS ORDER HAS BEEN ENTERED ON THE DOCKET.
PLEASE SEE DOCKET FOR ENTRY DATE.**

_____
R. Thomas Stinnett
**UNITED STATES BANKRUPTCY JUDGE**

_____

**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION**

| | |
|---|---|
| IN RE ) | |
| ) | No. 01-17271 |
| **NORTH AMERICAN ROYALTIES, INC.,** ) | |
| **WHELAND HOLDING COMPANY, INC.,** ) | Chapter 7 |
| **WHELAND MANUFACTURING** ) | |
| **COMPANY, INC., and WHELAND** ) | |
| **FOUNDRY, LLC.,** ) | |
| ) | |
| **Debtors.** ) | |

**ORDER AND MEMORANDUM**

This matter is before the court on the trustee's objection to the allowance of claim no. 54 asserted by Grainger (hereinafter "Grainger"). Having considered the objection and taken judicial notice of the debtors' schedules and the creditor's proof of claim, the objection will be overruled.

On November 7, 2001, the debtor filed a voluntary petition commencing this case.

On December 3, 2001, Grainger filed a proof of claim asserting an unsecured claim in the amount of $39,576.93.   The trustee objected to the claim on May 22, 2006, affording 30 days within which the creditor may respond to the objection in accordance with Rule 9013-1(h)(3)(ii) of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Eastern District of Tennessee.  No response was timely filed.    Pursuant to Local Rule 9013-1(h)(5), the court may consider the matter in chambers without further notice or hearing if no party in interest responds within the time permitted by the rule. The court is required to make an independent determination that the objection has merit.  *Cf. Miller v. Shore Financial Services, Inc.*, No. 04-1789, 2005 WL 1579515, at *1 (6th Cir. July 5, 2005)(court abuses its discretion when it grants summary judgment solely because non-moving party fails to respond within the applicable time limit).

      Rule 3007-1(b) of the Local Bankruptcy Rules provides:

> **(b) Objection Requirements.** In the event the objecting party utilizes the passive notice procedure of Local Rule 9013-1(h), the objection must be accompanied by an affidavit or declaration under penalty of perjury that sets forth the evidentiary basis for the objection unless the objection is premised on procedural grounds evident from the record.

The trustee's objection asserts that he compared the claim to the company records and interviewed company personnel, and that he ". . .believes that no amount is due this creditor."  However, without a supporting affidavit, the trustee's objection fails to comply with the Local Rules.  Accordingly,

     It is ORDERED that the objection by the trustee to Grainger's claim is overruled without prejudice.

# # #