

**SIGNED this 12 day of July, 2006.**

_____

**R. Thomas Stinnett**
**UNITED STATES BANKRUPTCY JUDGE**

_____

## IN THE UNITED STATES BANKRUPTCY COURT FOR
## THE EASTERN DISTRICT OF TENNESSEE
## SOUTHERN DIVISION

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | **No. 01-17271** |
| **NORTH AMERICAN ROYALTIES, INC.,** | ) | |
| **WHELAND HOLDING COMPANY, INC.,** | ) | **Chapter 7** |
| **WHELAND MANUFACTURING** | ) | |
| **COMPANY, INC., and WHELAND** | ) | |
| **FOUNDRY, LLC.,** | ) | |
| | ) | |
| Debtors. | ) | |

### MEMORANDUM

This matter is before the court on the trustee's objection to the allowance of

claim no. 52 asserted by K Line America, Inc. (hereinafter "K Line"). Having considered the

objection and taken judicial notice of the debtor's schedules and the creditor's proof of

claim, the objection will be overruled.

On November 7, 2001, the debtor filed a voluntary petition commencing this

case.  On November 29, 2001, K Line filed a proof of claim asserting an unsecured claim

in the amount of $1,188.00.   The only documentary evidence in support of the claim is an

invoice dated November 29, 2000.   The trustee objected to the claim on May 22, 2006,

affording  30 days within which the creditor may respond to the objection in accordance

with Rule 9013-1(h)(3)(ii) of the Local Bankruptcy Rules of the United States Bankruptcy

Court for the Eastern District of Tennessee.  No response was timely filed.   Pursuant to

Local Rule 9013-1(h)(5), the court may consider the matter in chambers without further

notice or hearing if no party in interest responds within the time permitted by the rule. The

court is required to make an independent determination that the objection has merit.  *Cf.*

*Miller v. Shore Financial Services, Inc.*, No. 04-1789, 2005 WL 1579515, at *1 (6th Cir. July

5, 2005)(court abuses its discretion when it grants summary judgment solely because non-

moving party fails to respond within the applicable time limit).

Rule 3007-1(b) of the Local Bankruptcy Rules provides:

> **(b) Objection Requirements.** In the event the objecting party
> utilizes the passive notice procedure of Local Rule 9013-1(h),
> the objection must be accompanied by an affidavit or
> declaration under penalty of perjury that sets forth the
> evidentiary basis for the objection unless the objection is
> premised on procedural grounds evident from the record.

The trustee's objection asserts that the debtors were paying bills as they were due as of

the date of the invoice attached to K Line's claim and that the debtors' records did not

reflect an amount owed to K Line, nor was K Line a part of the original repayment plan.

However, without a supporting affidavit, the trustee's objection fails to comply with the Local

Rules.  Accordingly, by separate order entered contemporaneously herewith, the trustee's

objection to the claim of K Line will be overruled.

# # #