

**SIGNED this 17 day of July, 2006.**

_____
**R. Thomas Stinnett**
**UNITED STATES BANKRUPTCY JUDGE**

_____


**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION**

| | | |
|---|---|---|
| IN RE | ) | |
| | ) | **No. 01-17271** |
| **NORTH AMERICAN ROYALTIES, INC.,** | ) | |
| **WHELAND HOLDING COMPANY, INC.,** | ) | **Chapter 7** |
| **WHELAND MANUFACTURING** | ) | |
| **COMPANY, INC., and WHELAND** | ) | |
| **FOUNDRY, LLC.,** | ) | |
| | ) | |
| Debtors. | ) | |


**<u>MEMORANDUM</u>**


This matter is before the court on the trustee's objection to the allowance of

claim no. 551 asserted by Aurora National Life Assurance, SL Garbovan, Legal Admin.

(hereinafter "Aurora"). Having considered the objection and taken judicial notice of the

debtors' case file and the creditor's proof of claim, the objection will be overruled.


On November 7, 2001, the debtor filed a voluntary petition commencing this

case.  On April 15, 2002, Aurora filed a proof of claim asserting an unsecured claim in the amount of $348,541.36.   The trustee objected to the claim on May 24, 2006, affording 30 days within which the creditor may respond to the objection in accordance with Rule 9013-1(h)(3)(ii) of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Eastern District of Tennessee.  No response was timely filed.   Pursuant to Local Rule 9013-1(h)(5), the court may consider the matter in chambers without further notice or hearing if no party in interest responds within the time permitted by the rule. The court is required to make an independent determination that the objection has merit.  *Cf. Miller v. Shore Financial Services, Inc.*, No. 04-1789, 2005 WL 1579515, at *1 (6th Cir. July 5, 2005)(court abuses its discretion when it grants summary judgment solely because non-moving party fails to respond within the applicable time limit).

The trustee's objection asserts that ". . . it appears that the basis for this claim is a life insurance loan. . .  The Trustee has reviewed this claim and believes it has been "satisfied" thru [sic] a settlement earlier approved by this court."   However, the court has reviewed the entire case file and finds no reference to a court-approved settlement with Aurora.

Furthermore, Rule 3007-1(b) of the Local Bankruptcy Rules provides:

> **(b) Objection Requirements.** In the event the objecting party utilizes the passive notice procedure of Local Rule 9013-1(h), the objection must be accompanied by an affidavit or declaration under penalty of perjury that sets forth the evidentiary basis for the objection unless the objection is premised on procedural grounds evident from the record.

Without a supporting affidavit, the trustee's objection fails to comply with the Local Rules.

Accordingly, by separate order entered contemporaneously herewith, the trustee's objection to the claim of Aurora National Life Assurance, SL Garbovan, Legal Admin., will be overruled.

# # #